UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON CONTENT SERVICES LLC, a Delaware corporation, PENGUIN RANDOM HOUSE LLC, a Delaware corporation, LEE CHILD, SYLVIA DAY, JOHN GRISHAM, C.J. LYONS, DOUG PRESTON, JIM RASENBERGER, T.J. STILES, R.L. STINE, MONIQUE TRUONG, SCOTT TUROW, NICHOLAS WEINSTOCK, AND STUART WOODS,<br><br>Plaintiffs,<br><br>v.<br><br>KISS LIBRARY d/b/a KISSLY.NET, WTFFASTSPRING.BID, LIBLY.NET, and CHEAP-LIBRARY.COM, RODION VYNNYCHENKO, ARTEM BESSHAPOCHNY, JACK BROWN, and DOES 1-10,<br><br>Defendants. | NO. 2:20-cv-01048<br><br>ORDER AUHTORIZING SERVICE OF PROCESS BY ELECTRONIC MEANS AND EXPEDITED DISCOVERY, AND ISSUING **TEMPORARY RESTRAINING ORDER** |

This matter comes before the Court on *ex parte* motion by Publishers Amazon Content Services LLC and Penguin Random House LLC, and Authors Lee Child, Sylvia Day, John Grisham, C.J. Lyons, Doug Preston, Jim Rasenberger, T.J. Stiles, R.L. Stine, Monique Truong, Scott Turow, Nicholas Weinstock, and Stuart Woods (collectively, "Plaintiffs") for an Alternate Service Order, Expedited Discovery Order, a Temporary Restraining Order, and an

ORDER         1
(No. 2:20-cv-01048)

Order to Show Cause for Preliminary Injunction (collectively, the "Order") against Defendants Kiss Library, Rodion Vynnychenko, Artem Besshapochny, Jack Brown, and Does 1-10 (collectively, "Defendants").  Seeking relief under Federal Rules of Civil Procedure ("Rule") 4, 26, and 65, Plaintiffs provide evidence to support their allegations that the overseas Defendants are engaged in ongoing, widespread copyright infringement of Plaintiffs' works (the "Works") through a ring of substantively identical mirror websites, including kissly.net, wtffastspring.bid, libly.net, and cheap-library.com (the "Websites") and other websites that redirected to those Websites such as kisslibraryemails.com.  The Court, having reviewed the Complaint and Plaintiffs' motion, and all supporting declarations and exhibits, finds as follows:

1. Plaintiffs have demonstrated they are entitled to immediate injunctive relief by establishing (a) they are likely to succeed on the merits of their copyright claims, (b) they have and are suffering irreparable injury in the absence of an injunction based on Defendants' illegal reproduction, display, and distribution of Plaintiffs' Works, (c) the balance of hardships weighs in Plaintiffs' favor, and (d) the public interest favors granting injunctive relief;

2. With respect to likelihood of success on the merits, Plaintiffs have demonstrated that they are likely to succeed in showing:

    a. Plaintiffs are the exclusive and beneficial owners of copyrights in the Works, which were registered before this action;

    b. Defendants have engaged in direct copyright infringement of those Works by reproducing, displaying, and distributing the Works for profit through the Websites identified in the Complaint;

    c. Defendants have induced, caused, and materially contributed to others' infringement of those Works, through the intentional solicitation, facilitation, and ability to control and supervise others' upload of the infringed Works on the Websites for profit;

     d.    As a result of Defendants' conduct, third-party purchasers have also impermissibly copied Plaintiffs' protected works, further infringing Plaintiffs' rights in those Works;

     e.    Defendants knew of and intentionally contributed to and furthered the infringing activity; and

     f.    At a minimum, Defendants acted with willful blindness to, or in reckless disregard of, Plaintiffs' registered copyrights and exclusive rights.

3.    The reproduction, display, and distribution of Plaintiffs' Works will result in immediate and irreparable injury to Plaintiffs' reputations, prospective and current customers, goodwill, negotiating positions, distribution arrangements, and other intangible assets, if injunctive relief is not granted;

4.    Plaintiffs' harm from denying the requested immediate injunctive relief would outweigh any harm to Defendants' legitimate interests from granting such relief;

5.    It is in the public's interest to protect Plaintiffs' copyrights and enjoin unauthorized distribution of their Works;

6.    With regard to the need for injunctive relief to secure assets without notice, alternate service by email, and expedited discovery to discover Defendants' identities and assets, the Court finds Plaintiffs have provided evidence showing:

     a.    Defendants have gone to great lengths to conceal their identities, locations, and proceeds from Plaintiffs' and this Court's detection, including by using multiple false identities and addresses associated with their operations and purposely-deceptive contact information;

     b.    Defendants are likely overseas and Defendant Kiss Library appears to communicate solely through email; and

     c.    Defendants would likely destroy, move, hide, or otherwise make inaccessible the proceeds of their infringement, copies of infringed Works, and the Websites used to display and distribute those Works, to the Court

and Plaintiffs if they received advance notice, thus frustrating the ultimate relief Plaintiffs seek in this action.

7. Entry of an order other than the requested Order would not adequately achieve the purposes of the Copyright Act to preserve Plaintiffs' equitable remedies for copyright infringement, including among other things: the restraint of Defendants' unauthorized sale and distribution of Plaintiffs' Works, including through Defendants' Websites, the acquisition of business records relating to Defendants' operations, and the preservation of Plaintiffs' right to an equitable accounting of proceeds from Defendants' sale of Plaintiffs' Works; and

8. Given the Court's General Order 08-2020 re Court Operations and COVID-19, the time needed for necessary third-party discovery to uncover Defendants' identities and assets, and Plaintiffs' need to effect service on overseas Defendants through Hague Convention Service and email, good cause exists to extend temporary injunctive relief to 48 days.

THEREFORE, IT IS HEREBY ORDERED that the Defendants appear to show cause of the **25th day of August, 2020, at 4:15 p.m.**, or as soon thereafter as counsel can be heard, in Courtroom 14206, in the United States District Court for the Western District of Washington, why an Order pursuant to Federal Rule of Civil Procedure 65 should not be entered granting Plaintiffs a preliminary injunction as follows:

(a) Enjoining and restraining Defendants, their officers, agents, servants, and employees, and any persons in active concert or participation with them from:

    (i) directly infringing Plaintiffs' Works by reproducing, displaying, distributing, offering for sale, or selling Plaintiffs' Works;

    (ii) inducing, causing, or materially contributing to the infringement of Plaintiffs' copyrights; and

(b) Restricting the transfer of Defendants' assets pursuant to the provisions of this Order hereinafter set forth.

**Temporary Restraining Order**

IT APPEARING to the Court that Defendants are reproducing, displaying, distributing, offering for sale, or selling Plaintiffs' Works through their Websites, and will continue to carry out such acts unless restrained by Order of the Court, it is hereby:

ORDERED, that pending the hearing on Plaintiffs' application for a Preliminary Injunction, Defendants, including their agents, servants, employees, confederates, and any persons acting in concert or participation with them or third parties providing services used in connection with Defendants' operations including, without limitation, payment processors, domain registrars or hosts, Internet service providers, back-end service providers, affiliate program providers, web designers, search engine or ad-word providers, and online business-to-business selling platforms having knowledge of this Order by service, actual notice or otherwise be, and are, hereby temporarily restrained from:

(a)     Committing any of the acts set forth in subparagraphs (a)(i)-(ii) above; and

(b)     Moving, destroying, or otherwise disposing of any items, merchandise, or documents relating to the sale of Plaintiffs' Works, Defendants' Websites, and/or Defendants' assets and operations; and

(c)     Removing, destroying or otherwise disposing of any computer files, electronic files, business records, or documents relating to Defendants' Websites, Defendants' assets and operations or relating in any way to the distribution or sale of Plaintiffs' Works, or any reproduction of Plaintiffs' Works; and it is further

ORDERED, that the Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court, unless Defendants stipulate, or have not objected, to the Preliminary Injunction.

**Ex Parte Asset Restraint**

ORDERED, that in accordance with 17 U.S.C. § 502(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final

equitable relief, Defendants and their officers, servants, employees, agents and any persons in active concert or participation with them, and any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, FastSpring, or other merchant account providers, payment providers, third party payment processors or credit card associations for Defendant Kiss Library and its Websites, or for any other website owned or controlled by Defendants, who receive actual notice of this Order, shall immediately locate all accounts connected to Defendants or the Websites, and that such accounts be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets, not allowing such funds to be transferred or withdrawn; and it is further

ORDERED, that upon two (2) business day's written notice to the Court and Plaintiffs' counsel, any Defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets; and it is further

ORDERED, that in accordance with 17 U.S.C. § 502(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, the domain name registries, including but not limited to Tucows Domains Inc., Whois Privacy Corp., Name Cheap, Inc., and Pork Bun LLC, and/or the individual registrars holding or listing one or more of the domain names used in conjunction with the Websites shall, within three (3) days of receipt of this Order, temporarily disable these domain names, or any subset of these domain names specified by Plaintiffs, through a registry hold or otherwise, and make them inactive and non-transferable pending further order from this Court, unless Plaintiffs request that particular domain names be released from such restraints; and it is further

ORDERED, that any third party providing services in connection with Defendants' Websites, including without limitation, providers of email services, social media services, online content management services, search engine and/or Internet advertising services, search engine optimization services, and Internet service providers, back-end service providers, affiliate program providers, web designers, and search engine or ad-word providers, any banks,

savings and loan associations, payment processors or other financial institutions, including without limitation, FastSpring, or other merchant account providers, payment providers, third party payment processors or credit card associations, shall immediately temporarily disable service to any and all Websites.

**Alternative Service of Process**

IT APPEARING to the Court that Plaintiffs have engaged in reasonable but fruitless efforts to uncover Defendants' identities and locations, and that Defendants appear to prefer and respond solely to communications via email, it is hereby:

ORDERED, that Plaintiffs are authorized to effect alternate service of process on Defendant Kiss Library through the emails listed on its Websites, to include:

- contact@libly.net
- contact@cheap-library.com
- contact@kissly.net
- contact@wtffastspring.bid
- invite@kissly.net

**Expedited Discovery**

IT APPEARING to the Court that Plaintiffs have engaged in reasonable but fruitless efforts to uncover Defendants' identities and locations, and that third parties have information relevant to the identity of Defendant Kiss Library's owners and operators, it is hereby:

ORDERED, that discovery by Plaintiffs may begin immediately by Plaintiffs providing actual notice, pursuant to subpoena or otherwise, of this Order to any of the following: (1) Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; (2) any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, FastSpring, or other merchant account providers, payment providers, third-party payment processors or credit

card associations, which receive payments or hold assets on Defendants' behalf; and (3) third party service providers, including without limitation, domain registrars Tucows Domains Inc., Whois Privacy Corp., Name Cheap, Inc., and Pork Bun LLC, and online B2B selling platforms, domain name registration privacy protection services, providers of email services, social media services, online content management services, search engine and/or Internet advertising services, search engine optimization services, and Internet service providers, back-end service providers, affiliate program providers, web designers, search engine or ad-word providers, shippers, and any domain name registries and registrars who have provided services for Defendants; and it is further

ORDERED, that any third-party providing services in connection with any Defendant or Website, including without limitation those listed above, shall within five (5) days after receipt of such notice, provide copies of all documents and records in such person or entity's possession or control relating to:

(a) The identities and addresses (physical and email) of Defendants, their agents, servants, employees, confederates, and any persons acting in concert or participation with them and the locations and identities of Defendants' operations, including without limitation, identifying information associated with Defendants' Websites and financial accounts, and the sale of Plaintiffs' Works;

(b) The Websites;

(c) Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, FastSpring, or other merchant account providers, payment providers, third party processors, or credit card associations.

**Plaintiffs' Duties**

ORDERED, that Plaintiffs shall post a certified or attorney's check in the amount of ten thousand dollars ($10,000 USD) as security into the Court Registry, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure or restraint hereunder; and it is further

ORDERED, that Plaintiffs' counsel file with the court within forty (40) business days after this Order is executed, a declaration setting forth:  (a) the date on which the Order was executed, (b) the date and means with which the Defendants' were served with a copy of the Order, and (c) a description of the domain names, websites, and other assets that were disabled and/or restrained; and it is further

**Defendants' Response**

ORDERED, that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon Plaintiffs' attorneys by delivering copies thereof to the offices of Davis Wright Tremaine LLP, 920 Fifth Ave. Suite 3300, Seattle, WA 98104, Attention:  John Goldmark, before 5:00 p.m. on the 14th day of  August, 2020.  Any reply shall be filed and served by Plaintiffs by the 21st day of August, 2020.

**Defendants are hereby given notice that failure to attend the hearing scheduled herein may result in confirmation of the seizure authorized herein, destruction or other disposition of the goods, domains, and/or assets seized, if any, immediate issuance of the prayed-for Preliminary Injunction to take effect immediately upon expiration or dissolution of the Temporary Restraining Order, and shall otherwise extend for the pendency of this litigation relief upon the same terms and conditions as comprise this Temporary Restraining Order.  Defendants are hereby given further notice they shall be deemed to have actual notice of the issuance and terms of such Preliminary Injunction and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.**

SO ORDERED this _8th_ day of July, 2020.

_____
Marsha J. Pechman
United States Senior District Judge

Presented by:

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Amazon Content Services LLC, Penguin Random House LLC, Lee Child, Sylvia Day, John Grisham, C.J. Lyons, Doug Preston, Jim Rasenberger, T.J. Stiles, R.L. Stine, Monique Truong, Scott Turow, Nicholas Weinstock, and Stuart Woods*

By  s/ *John A. Goldmark*
John A. Goldmark, WSBA #40980
Caesar Kalinowski, WSBA #52650
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: 206-622-3150
Email: JohnGoldmark@dwt.com
          CaesarKalinowski@dwt.com

Elizabeth A. McNamara (*pro hac vice application forthcoming*)
1251 Avenue of the Americas
21st Floor
New York, NY  10020-1104
Telephone: 212-489-8230
Email: LizMcNamara@dwt.com