The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON CONTENT SERVICES LLC, a Delaware corporation, PENGUIN RANDOM HOUSE LLC, a Delaware corporation, LEE CHILD, SYLVIA DAY, JOHN GRISHAM, C.J. LYONS, DOUG PRESTON, JIM RASENBERGER, T.J. STILES, R.L. STINE, MONIQUE TRUONG, SCOTT TUROW, NICHOLAS WEINSTOCK, AND STUART WOODS,<br><br>Plaintiffs,<br><br>v.<br><br>KISS LIBRARY d/b/a KISSLY.NET, WTFFASTSPRING.BID, LIBLY.NET, and CHEAP-LIBRARY.COM, RODION VYNNYCHENKO, ARTEM BESSHAPOCHNY, JACK BROWN, and DOES 1-10,<br><br>Defendants. | NO. 2:20-cv-01048 MJP<br><br>ORDER ISSUING **PRELIMINARY INJUNCTION** AND AUTHORIZING CONTINUED EXPEDITED DISCOVERY |

This matter comes before the Court on *ex parte* motion by Publishers Amazon Content Services LLC and Penguin Random House LLC, and Authors Lee Child, Sylvia Day, John Grisham, C.J. Lyons, Doug Preston, Jim Rasenberger, T.J. Stiles, R.L. Stine, Monique Truong, Scott Turow, Nicholas Weinstock, and Stuart Woods (collectively, "Plaintiffs") for an Alternate Service Order, Expedited Discovery Order, a Temporary Restraining Order (collectively, the "TRO"), and a Hearing for Defendants Kiss Library, Rodion Vynnychenko,

Artem Besshapochny, Jack Brown, and Does 1-10 (collectively, "Defendants") to Show Cause why the Court should not enter a Preliminary Injunction.

Seeking relief under Federal Rules of Civil Procedure ("Rule") 4, 26, and 65, Plaintiffs filed their Complaint and *ex parte* motion on July 8, 2020, which provided evidence showing that Defendants are engaged in ongoing, widespread copyright infringement of Plaintiffs' works (the "Works") through a ring of substantively identical mirror websites, including but not limited to kissly.net, wtffastspring.bid, libly.net, and cheap-library.com (the "Websites"), and other websites that redirected to those Websites such as kisslibraryemails.com. Dkts. 1-4.

On July 9, 2020, the Court issued its TRO and granted Plaintiffs' requested relief, including a temporary injunction, alternate service, and expedited discovery. Dkt. 10. That same day, Plaintiffs served process through electronic means to Defendants' email address, contact@kisslibrary.com, providing notice of Plaintiffs' Complaint, *ex parte* motion, and the Court's Order to Show Cause as to why a Preliminary Injunction should not issue. The Court directed Defendants to file and serve any answering papers before 5:00 p.m. on August 14, 2020, and to appear at the show cause hearing on August 25, 2020, at 4:15 p.m. Dkt. 10 at 9.

On July 15, 2020, Plaintiffs posted a $10,000 bond with the Court Registry. Also pursuant to the Court's Order, Plaintiffs' counsel filed a declaration on August 17, 2020, Dkt. 12, which provided evidence of service, confirmed restraint of Defendants' Websites, including kisslibrary.com, kisslibraryemails.com, kisslibrary.net, kissly.net, wtffastspring.bid, libly.net, cheap-library.com, books.coffee, getebooks.net, booksgreatchoice.com, maximumbook.org, bsebooks.com, bookspc.com, crucialbooks.com, osebooks.com, wordered.com, thekissly.net, kisslibraryemails.net, quabook.com, and luckybooks.online, identified an unnamed Doe Defendant, Ihor Kliman, and confirmed the restraint of Defendants' assets associated with email addresses roddiku@gmail.com, sofleadecen1987@mail.ru, kmytz@yandex.ru, redoxyzo@gmail.com, jjpetruninas@gmail.com, robert.teifeld@gmail.com, and dmitriy.chernyay@gmail.com.

PRELIMINARY INJUNCTION &
EXPEDITED DISCOVERY ORDER                2
(No. 2:20-cv-01048)

The Court held its show cause hearing on August 25, 2020 at 4:15 p.m. through teleconference means, to provide Defendants an opportunity to show cause as to why a preliminary injunction should not be entered for the pendency of the litigation. Despite having received notice of the hearing time, date, and call in numbers, Defendants did not appear at the hearing or file any response to Plaintiffs' papers or the Court's Order.

The Court, having reviewed the Complaint, Plaintiffs' motion, and all supporting declarations and exhibits, and having conducted a show cause hearing, finds as follows:

**1.** Plaintiffs have demonstrated they are entitled to immediate injunctive relief by establishing (a) they are likely to succeed on the merits of their copyright claims, (b) they have and are suffering irreparable injury in the absence of an injunction based on Defendants' illegal reproduction, display, and distribution of Plaintiffs' Works, (c) the balance of hardships weighs in Plaintiffs' favor, and (d) the public interest favors granting injunctive relief;

**2.** With respect to likelihood of success on the merits, Plaintiffs have demonstrated that they are likely to succeed in showing:

    **a.** Plaintiffs are the exclusive and beneficial owners of copyrights in the Works, which were registered before this action;

    **b.** Defendants have engaged in direct copyright infringement of those Works by reproducing, displaying, and distributing the Works for profit through the Websites identified in the Complaint and in Plaintiffs' supplemental papers and declarations, *see* Dkt. 12;

    **c.** Defendants have induced, caused, and materially contributed to others' infringement of those Works, through the intentional solicitation, facilitation, and ability to control and supervise others' upload of the infringed Works on the Websites for profit;

    **d.** As a result of Defendants' conduct, third-party purchasers have also impermissibly copied Plaintiffs' protected works, further infringing Plaintiffs' rights in those Works;

PRELIMINARY INJUNCTION &
EXPEDITED DISCOVERY ORDER     3
(No. 2:20-cv-01048)

  **e.** Defendants knew of and intentionally contributed to and furthered the infringing activity; and

  **f.** At a minimum, Defendants acted with willful blindness to, or in reckless disregard of, Plaintiffs' registered copyrights and exclusive rights.

**3.** The reproduction, display, and distribution of Plaintiffs' Works will result in immediate and irreparable injury to Plaintiffs' reputations, prospective and current customers, goodwill, negotiating positions, distribution arrangements, and other intangible assets, if the existing injunctive relief is not continued for the duration of this litigation;

**4.** Plaintiffs' harm from denying the requested continued injunctive relief would outweigh any harm to Defendants' legitimate interests from granting such relief;

**5.** It is in the public's interest to protect Plaintiffs' copyrights and enjoin unauthorized distribution of their Works;

**6.** With regard to the need for injunctive relief to secure assets without notice and expedited discovery to discover Defendants' identities and assets, the Court finds Plaintiffs have provided evidence showing:

  **a.** Defendants have gone to great lengths to conceal their identities, locations, and proceeds from Plaintiffs' and this Court's detection, including using multiple false identities and addresses associated with their operations and purposely-deceptive contact information;

  **b.** At least some of the Defendants are likely overseas and Defendant Kiss Library appears to communicate solely through email; and

  **c.** Defendants would likely destroy, move, hide, or otherwise make inaccessible the proceeds of their infringement, copies of infringed Works, and the Websites used to display and distribute those Works, to the Court and Plaintiffs if they received advance notice, thus frustrating the ultimate relief Plaintiffs seek in this action.

**7.** Entry of an order other than the requested Order would not adequately achieve the purposes of the Copyright Act to preserve Plaintiffs' equitable remedies for copyright infringement, including among other things:  the restraint of Defendants' unauthorized sale and distribution of Plaintiffs' Works, including through Defendants' Websites, the acquisition of business records relating to Defendants' operations, and the preservation of Plaintiffs' right to an equitable accounting of proceeds from Defendants' sale of Plaintiffs' Works;

**8.** Defendants received notice and service of process through electronic means of Plaintiffs' Complaint, *ex parte* Motion, the Court's TRO and Order to Show Cause as to why a Preliminary Injunction should not be issued, and the time and location of the show cause hearing.

**9.** Defendants have failed to respond to the Court's Orders as directed, dispute Plaintiffs' claims, evidence, or requested relief, or appear at proceedings, despite having received adequate notice.

THEREFORE, IT IS HEREBY ORDERED that the Defendants and their associated assets are hereby enjoined as follows:

## **PRELIMINARY INJUNCTION**

IT APPEARING to the Court that Defendants are reproducing, displaying, distributing, offering for sale, and/or selling Plaintiffs' Works through their Websites, and will continue to carry out such acts unless restrained by Order of the Court, it is hereby:

ORDERED, Defendants, including their agents, servants, employees, confederates, and any persons acting in concert or participation with them or third parties providing services used in connection with Defendants' operations including, without limitation, payment processors, banking or financial institutions, cryptocurrency processors, email providers, domain registrars or hosts, Internet service providers, back-end service providers, affiliate program providers, web designers, search engine or ad-word providers, and online business-to-business selling

platforms having received notice of this Order by service, actual notice or otherwise be, and are, hereby RESTRAINED from:

(a) Directly infringing Plaintiffs' Works by reproducing, displaying, distributing, offering for sale, or selling Plaintiffs' Works;

(b) Inducing, causing, or materially contributing to the infringement of Plaintiffs' copyrights;

(c) Moving, destroying, or otherwise disposing of any items, merchandise, or documents relating to the reproduction, distribution, or sale of Plaintiffs' Works, Defendants' Websites, and/or Defendants' assets and operations; and

(d) Removing, destroying or otherwise disposing of any computer files, electronic files, business records, or documents relating to Defendants' Websites, Defendants' assets and operations, or relating in any way to the distribution or sale of Plaintiffs' Works, or any reproduction of Plaintiffs' Works; and it is further

ORDERED, that the Preliminary Injunction shall remain in effect for the pendency of this litigation, unless otherwise dissolved by the Court.

**EX PARTE ASSET RESTRAINT**

ORDERED, that in accordance with 17 U.S.C. § 502(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, servants, employees, agents and any persons in active concert or participation with them, and any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, FastSpring, PayPal, BitPay, MasterCard, or other merchant account providers, payment providers, third party payment processors or credit card associations for Defendant Kiss Library and its Websites, or for any other website owned or controlled by Defendants, who receive actual notice of this Order, shall immediately locate all accounts connected to Defendants or the Websites, and that such accounts be temporarily restrained and enjoined from transferring or

disposing of any money or other of Defendants' assets, not allowing such funds to be transferred or withdrawn; and it is further

ORDERED, that in accordance with 17 U.S.C. § 502(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, the domain name registries, service providers, or resellers, including but not limited to Cloudflare, Tucows Domains Inc., Whois Privacy Corp., Name Cheap, Inc., 1337 Services LLC, NameSilo, LLC, Web.com, White & Case, and Pork Bun LLC, and/or the individual registrars holding or listing one or more of the domain names used in conjunction with the Websites shall, within three (3) days of receipt of this Order, temporarily disable these domain names, or any subset of these domain names specified by Plaintiffs, through a registry hold or otherwise, and make them inactive and non-transferable pending further order from this Court, unless Plaintiffs request that particular domain names be released from such restraints; and it is further

ORDERED, that any third party providing services in connection with Defendants' Websites, including without limitation, providers of email services, social media services, online content management services, search engine and/or Internet advertising services, search engine optimization services, and Internet service providers, back-end service providers, affiliate program providers, web designers, and search engine or ad-word providers, any banks, savings and loan associations, cryptocurrency processor, payment processors or other financial institutions, including without limitation, FastSpring, PayPal, BitPay, MasterCard, or other merchant account providers, payment providers, third party payment processors or credit card associations, shall immediately temporarily disable service to any and all Websites and associated agents.

**EXPEDITED DISCOVERY**

IT APPEARING to the Court that Plaintiffs have engaged in reasonable but fruitless efforts to uncover Defendants' identities and locations, and that third parties have information

PRELIMINARY INJUNCTION &
EXPEDITED DISCOVERY ORDER            7
(No. 2:20-cv-01048)

relevant to the identities of Defendant Kiss Library's owners, operators, and associates it is hereby:

ORDERED, that discovery by Plaintiffs may continue by Plaintiffs providing actual notice, pursuant to subpoena or otherwise, of this Order to any of the following: (1) Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; (2) any banks, savings and loan associations, cryptocurrency processor, payment processors or other financial institutions, including without limitation, FastSpring, PayPal, BitPay, MasterCard, or other merchant account providers, payment providers, third-party payment processors or credit card associations, which receive payments or hold assets on Defendants' behalf; and (3) third party service providers, including without limitation, domain registrars, support providers, or resellers like Cloudflare, Tucows Domains Inc., Whois Privacy Corp., Name Cheap, Inc., 1337 Services LLC, NameSilo, LLC, Web.com, White & Case, and Pork Bun LLC , and online B2B selling platforms, domain name registration privacy protection services, providers of email services, social media services, online content management services, search engine and/or Internet advertising services, search engine optimization services, and Internet service providers, back-end service providers, affiliate program providers, web designers, search engine or ad-word providers, shippers, and any domain name registries and registrars who have provided services for Defendants; and it is further

ORDERED, that any third party providing services in connection with any Defendant or Website, including without limitation those listed above, shall within five (5) days after receipt of such notice, provide copies of all documents and records in such person or entity's possession or control relating to:

(a) The identities and addresses (physical and email) of Defendants, their agents, servants, employees, confederates, and any persons acting in concert or participation with them and the locations and identities of Defendants' operations, including without limitation,

identifying information associated with Defendants' Websites, assets, and financial accounts, and the sale of Plaintiffs' Works;

  (b) The Websites; and

  (c) Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, cryptocurrency processor or wallet, payment processors or other financial institutions, including without limitation, FastSpring, PayPal, BitPay, MasterCard, or other merchant account providers, payment providers, third party processors, or credit card associations.

  SO ORDERED this _27th_ day of August, 2020.

*[signature]*

Marsha J. Pechman
United States Senior District Judge

Presented by:
DAVIS WRIGHT TREMAINE LLP
*Attorneys for Amazon Content Services LLC,*
*Penguin Random House LLC, Lee Child,*
*Sylvia Day, John Grisham, C.J. Lyons,*
*Doug Preston, Jim Rasenberger, T.J. Stiles,*
*R.L. Stine, Monique Truong, Scott Turow,*
*Nicholas Weinstock, and Stuart Woods*

By s/ *John A. Goldmark*
John A. Goldmark, WSBA #40980
Caesar Kalinowski, WSBA #52650
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: 206-622-3150
Email: JohnGoldmark@dwt.com
   CaesarKalinowski@dwt.com

PRELIMINARY INJUNCTION &
EXPEDITED DISCOVERY ORDER   9
(No. 2:20-cv-01048)

Elizabeth A. McNamara (*pro hac vice*)
1251 Avenue of the Americas
21st Floor
New York, NY  10020-1104
Telephone: 212-489-8230
Email: LizMcNamara@dwt.com

PRELIMINARY INJUNCTION &
EXPEDITED DISCOVERY ORDER                10
(No. 2:20-cv-01048)